1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10
11   DARNELL M. CAMPBELL              )    Civil No. 05-CV-2173-L(CAB)
                                      )
12              Plaintiff,            )    **ORDER AFTER PRETRIAL**
                                      )    **CONFERENCE**
13   v.                               )
                                      )
14   XRZ CORPORATION, *et al.*,       )
                                      )
15              Defendants.           )
                                      )
16   _____      )

17        On April 16, 2007 this matter came on for a pretrial conference.  Darnell M. Campbell

18   appeared *in pro per*, and Michael Crowley, Esq. appeared on behalf of Defendants.  After

19   consulting with Plaintiff and Defendants' counsel, and for good cause appearing, **IT IS**

20   **HEREBY ORDERED:**

21        1.  The parties timely submitted a joint proposed pretrial order, which is rejected for the

22   reasons stated on the record.  The parties shall meet and confer to prepare a revised proposed

23   pretrial order, and lodge it with the court no later than **May 14, 2007**.  Since Plaintiff is

24   appearing *pro se*, Defendants' counsel is responsible for preparing the revised proposed pretrial

25   order and arranging the meetings attendant thereto.  In preparing the revised proposed pretrial

26   order, the parties shall consider the comments made by the court at the pretrial conference, and

27   ensure the proposed order is understandable and free of grammatical errors.

28   / / / / /

2.  Defendants stipulated on the record to the authenticity of the EEOC file, but reserved their right to object on other grounds.

3.  No later than **May 7, 2007**, each party shall file a list of witnesses he intends to call at trial, including a brief description of the topics each witness is expected to testify about.  If either party intends to object to any of the witnesses, he shall file objections on later than **May 14, 2007.**

4.  If Plaintiff wishes to seek relief from waiver of jury trial, he shall, no later than **May 7, 2007**, file a motion pursuant to Federal Rule of Civil Procedure 39(b) (relief from waiver of jury trial) or Rule 6(b)(2) (enlargement of time to file a demand for jury trial), and explain in detail the reasons for delay in requesting a jury trial.  If Defendants wish to oppose, their opposition shall be filed no later than **May 14, 2007**.

5.  Another pretrial conference shall be held on **May 21, 2007 at 11:00 a.m.**  The dates for filing motions in limine, final witness and exhibit lists, and other filings for trial, will be set at that time.

6.  The parties shall attend a mandatory settlement conference on **April 26, 2007 at 2 p.m.** in the chambers of **Magistrate Judge Cathy Ann Bencivengo**.  Plaintiff and Defendants' counsel shall submit confidential settlement statements directly to chambers of Judge Bencivengo no later than **April 19, 2007**.  Each party's settlement statement shall set forth the party's statement of the case, identify controlling legal issues, concisely set out issues of liability and damages, and shall set forth the party's settlement position, including the last offer or demand made by that party, and a separate statement of the offer or demand the party is prepared to make at the settlement conference.  Settlement conference briefs shall not be filed with the Clerk of the Court, nor shall they be served on opposing counsel.

7.  Pursuant to Civil Local Rule 16.3, all party representatives and claims adjusters for insured defendants with full and unlimited authority to negotiate and enter into a binding settlement, as well as the principal attorney(s) responsible for the litigation, must be present and legally and factually prepared to discuss and resolve the case at the mandatory settlement conference.  Retained outside corporate counsel shall not appear on behalf of a corporation as

05cv2173

the party who has the authority to negotiate and enter into a settlement.  For good cause, and on ex parte application at least one day before the scheduled settlement conference, Magistrate Judge Bencivengo may excuse a party or representative from personal attendance provided such party or parties will be available by telephone during the conference.  Failure to attend the conference or obtain proper excuse will be considered grounds for sanctions.

     7.  The parties are further advised that failure to cooperate in the preparation of the joint proposed pretrial order or any failure to comply with court orders or the Civil Local Rules may lead to sanctions pursuant to Civil Local Rule 83.1.


DATED:  April 16, 2007

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. CATHY ANN BENCIVENGO
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL

3

05cv2173